**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4265**

UNITED STATES OF AMERICA,

                 Plaintiff – Appellee,

        v.

TYREE LAMAR SLADE, a/k/a Ovious Mcfly,

                 Defendant – Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.   James P. Jones, Chief District Judge.  (1:08-cr-00024-jpj-pms-5)

Submitted:  March 4, 2010          Decided:  March 25, 2010

Before MOTZ, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James Gordon Hunter, III, O'KEEFFE & SPIES, Lynchburg, Virginia, for Appellant.  Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyree Lamar Slade pled guilty to one count of conspiracy to possess and distribute fifty grams or more of cocaine base and five hundred grams or more of cocaine, in violation of 21 U.S.C. § 846 (2006). The district court sentenced Slade to 300 months in prison. On appeal, Slade's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that he believed there were no meritorious issues for appeal. However, at Slade's request, counsel raised two issues in the brief: (1) whether Slade's sentence was greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a) (2006), and (2) whether the district court erred "in deviating from the guideline computation and/or criminal history category, including but not limited to the plea agreement" in this case. Slade has not filed a supplemental pro se brief, nor has the Government filed a response to the Anders brief.[*] Finding no error, we affirm.

_____

[*] Slade consented to waive all of his rights to appeal his sentence and "any and all issues in this matter," and agreed that he would not file a notice of appeal. However, because the Government has not filed a Motion to Dismiss or otherwise asserted this waiver, this court may undertake a review pursuant to Anders v. California, 386 U.S. 738 (1967). See United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007) ("If an Anders brief is filed, the government is free to file a responsive brief raising the waiver issue (if applicable) or do nothing, allowing this court to perform the required Anders review.").

When a sentence is challenged on appeal, this court reviews the sentence for both procedural and substantive reasonableness using an abuse of discretion standard. See Gall v. United States, 552 U.S. 38, 51 (2007). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence--including an explanation for any deviation from the Guidelines range." Id.

Here, Slade argues that the district court erred by determining that his base offense level was thirty-eight, as calculated in the presentence report ("PSR"), and not thirty-seven as determined in the plea agreement. Slade is correct that his plea agreement specifically noted that the career offender Guidelines section, which would have put Slade's base offense level at thirty-seven, was applicable to Slade's conduct. However, it also stated expressly that "other guideline sections may be applicable" to Slade's case, and that both he and the Government were "free to argue whether these sections should or should not apply; to the extent the arguments are not inconsistent with the stipulations, recommendations and terms set forth in this plea agreement." Additionally, the agreement contained a provision that recognized that the

3

district court was "not bound by any recommendation or stipulation and may sentence [Slade] up to the statutory maximum." Slade's counsel never argued that U.S. Sentencing Guidelines Manual § 2D1.1(c)(1) (2008) was incorrectly applied to Slade based on the relevant facts, but rather asked the sentencing court to "give credit" to the base offense level noted in the plea agreement because the resulting sentence would still be subject to a twenty-year statutory minimum. Because the PSR determined that Slade was "criminally involved" with more than 4.5 kilograms of cocaine base, the application of § 2D1.1(c)(1) to determine Slade's base offense level was not in error. The court also allowed the parties to present arguments as to what they believed was an appropriate sentence, Slade was given the opportunity to testify, and the court considered the § 3553(a) factors and documented an explanation for imposing the final sentence. Thus, the district court did not commit procedural error in sentencing Slade.

Slade also challenges the substantive reasonableness of his sentence, questioning whether the sentence was greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a). However, the sentence was within the properly calculated Guidelines range, and we presume on appeal that the sentence is substantively reasonable. See United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007). Moreover,

as noted, the sentencing court considered the factors in § 3553(a) and explained that the sentence was intended to serve as a deterrent, to provide punishment for the offense, and to promote respect for the law by having Slade take responsibility for his actions. As a result, Slade's sentence is not substantively unreasonable.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Slade's conviction and dismiss that part of the appeal relating to his sentencing. This court requires that counsel inform Slade, in writing, of the right to petition the Supreme Court of the United States for further review. If Slade requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Slade. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED